**BALTIA AIR LINES, INC., Plaintiff–Appellant–Cross–Appellee,**

v.

**CIBC OPPENHEIMER CORP., and Canadian Imperial Bank of Commerce, Defendants–Appellees–Cross–Appellants.**

**Nos. 00–7867, 00–7883.**

United States Court of Appeals, Second Circuit.

April 25, 2001.

Steffanie Lewis, The International Business Law Firm PC, Arlington, VA, for appellant.

Howard Godnick, Schulte Roth & Zabel, LLP, New York, NY, for appellees.

Present McLAUGHLIN, PARKER, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED, in part, and VACATED and REMANDED, in part, for proceedings consistent with this summary order.

Plaintiff-appellant, Baltia Air Lines ("Baltia"), appeals from an order of the United States District Court for the Southern District of New York (Hellerstein, J.), entered on June 14, 2000, granting defendants-appellees', CIBC Oppenheimer Corp. ("Oppenheimer") and Canadian Imperial Bank of Commerce ("CIBC") (collectively, "defendants"), motion to dismiss the Amended Complaint pursuant to Fed. R.Civ.P. 9(b), 12(b)(1), and 12(b)(6) as well as Section 21D(b)(3)(A) of the Private Securities Litigation Reform Act of 1995 on the merits and on the ground of collateral estoppel. Defendants-appellees cross-appeal the summary order entered on June 16, 2000 denying them an award of sanctions against plaintiff and its counsel pursuant to Fed.R.Civ.P. 11(b) and Section 21D(c) of the Securities Exchange Act of 1934 ("the Act"). *See* 15 U.S.C. § 78u–4(c).

Baltia contracted with Hornblower & Weeks ("H & W") to underwrite its IPO on a firm-commitment basis. Oppenheimer, the firm that provided clearing services to H & W pursuant to an exclusive clearing agreement, exercised its contractual right and refused to serve as the clearing agency for Baltia's IPO.

Baltia sought an injunction in state court, which was denied, and the state court's decision on the merits was affirmed by the Appellate Division of the Supreme Court of New York. Permission to appeal to the Court of Appeals was denied. Baltia brought this action in federal court.

The district court dismissed Baltia's claimed violation of § 10(b) of the Act and Rule 10b–5 thereunder for lack of standing. That holding is affirmed. *See Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 943 (2d Cir.1984). We also affirm the district court's additional grounds for dismissal: (1) Oppenheimer did not have a duty to disclose, *see In re Blech Sec. Litig.*, 928 F.Supp. 1279, 1296 (S.D.N.Y.1996) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n. 17, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988)); and (2) Baltia was collaterally estopped from asserting fraud (and its state law claims). *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir.1998).

Further, we affirm the district court's dismissal of Baltia's section 17A(b)(6) claim. Section 17A(b)(6) does not provide a private right of action. *See Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

The district court's dismissal of Baltia's remaining federal claims was proper. Baltia failed to allege predicate acts to support a RICO claim, *see* 18 U.S.C. § 1962(b) and (d), and the sale required to support a claim based on § 18(a) of the Act was non-existent in this case.

The district court did not commit reversible error. It was not permitted to consider Baltia's Submission, *see Harsco Corp. v. Segui*, 91 F.3d 337, 341 n. 1 (2d Cir.1996) (court may review documents cited to and described in the complaint, even if they were not appended to the complaint). Moreover, Baltia's contentions that the district court did not read its brief and improperly interrupted its counsel during oral argument are unsupported by the record.

We do, however, vacate the district court's decision not to impose sanctions and remand this case for findings regarding the imposition or denial of sanctions pursuant to Section 21D(c)(1) of the Act. *See Gurary v. Winehouse*, 190 F.3d 37, 47 (2d Cir.1999) ("As the statute required the district court to make findings, we have no choice but to remand in order to permit it to do so.").

For the reasons set forth above, the judgment of the district court is AFFIRMED, in part, and VACATED and REMANDED, in part, for proceedings consistent with this summary order.